# Johnson *v.* The State.

*Indictment for Burglary of Railroad Car.*

1. *Indictment; § 3787 of Code, construed* —On trial upon an indictment found under § 3787 of the Code, which charged that the car was "upon or connected with a railroad in this State," it is not necessary to prove that the car *was actually standing on the track*

2. *Ownership and operation of one corporation by another.*—The only way in which one incorporated company can *own* another incorporated *company* is through the ownership of its capital stock; and the *operation* by one corporation of another corporation is through the instrumentality of its ownership of the shares of stock of the operated corporation.

3. *Same.*—Indictment for offenses charged against the property of a corporation is not to be laid or proved in the *stockholders,* but in the corporation itself; and it matters not whether the shares of stock are held by individuals or another corporation.

FROM the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The defendant in this case was indicted and tried for breaking into, with intent to steal therefrom, "a railroad car, the property of the Birmingham Mineral Railroad Company, a body corporate, upon or connected with a railroad in this State, in which goods, merchandize, etc., were kept for use, etc." It was shown by a witness for the State that the car broken open and entered, was, at the time, in the yards of the Birmingham Mineral Railroad Company, at Bessemer. The bill of exceptions recites that: "Defendant asked the witness (Barnes) if the Birmingham Mineral Railroad Company was not owned and operated by the Louisville & Nashville Railroad Company? The State objected to the question, the court sustained the objection, and the defendant excepted. The defendant offered to show by said witness that the original corporators did not operate said road, but that the same was a part of the system of the Louisville and Nashville Railroad Company, and was operated by said company. To this evidence the State objected, and the defendant excepted."

The defendant asked the court to give the following written charge: "That the jury must believe from the evidence, beyond all reasonable doubt, that the car broken and entered, was standing on the track of the Birmingham Mineral Railroad Company, before they can find the defendant guilty."

[Johnson v. The State.]

The court refused to give said charge, and defendant excepted.

WM. L. MARTIN, Attorney-General, for the State.

(No briefs came into the hands of the reporter.)

McCLELLAN, J.—The indictment in this case charges that the defendant "with intent to steal broke into and entered a railroad car, the property of the Birmingham Mineral Railroad Company, a body corporate, upon or connected with a railroad in this State," etc., etc. The averment that the car was "upon or connected with a railroad in this State" follows the language of the statute, Code § 3787; and the physical connection of the car with the railroad need only be shown as here averred. If it were necessary to prove, as is asserted by the charge which was refused to the defendant, that the car *was standing on the track* of the railroad company, the statute would be in great degree emasculated, and this in a manner which finds no pretense of authorization in its spirit or letter, since with such a construction it could have no application to a car temporarily derailed, and this though the derailment might be the work of persons intending to break into it, and done to the end that they might break and enter with impunity. The charge was properly refused.

The only way in which one incorporated company can in any sense *own* another incorporated *company* is through the ownership by the one of the shares of the capital stock of the other; and in such case the assets of the latter continue to be the property of the corporate entity in all respects as if the shares of its stock were owned by individuals instead of the other corporation. And so too the *operation* by one of another corporation by virtue of such ownership is only through the instrumentality of the former's ownership and control of the shares of stock of the latter, as it would be operated were the controlling interest in its capital stock held by an individual. In the one case as well as, and no more than in the other, the property of the company so owned and operated is in that company, and properly so laid in indictments for offenses committed against it, and is not, nor to be laid or proved in the stockholders, whether they be one or many individuals or another corporation; and no enquiry as to who are such stockholders, or as to their operation of the corporation, is permissible. This was the inquiry sought to be gone into by the defendant through a question

[Gilyard v. The State.]

propounded to the witness (Barnes) as to whether the Birmingham Mineral Railroad Company was not owned and operated by the Louisville & Nashville Railroad Company, and the other testimony proposed to be adduced in that connection. If the purpose of the defendant in this connection was to show that the Louisville & Nashville Railroad Company was the lessee of the road and equipment of the Birmingham Mineral Railroad Company, and in that capacity had possession of the car broken and entered, the mere fact that the L. & N. Co. operated said road was not competent evidence of such lease. If the fact existed, there was better evidence of it than that sought to be adduced; and, moreover, the fact of operation would not show a lease as *non constat* the operation of the road may well have been only in the capacity of an agent of the Birmingham Mineral Company. The evidence was properly excluded, even if it be conceded that had there been a lease, the property in the car and its contents should have been laid in the lessee, which we do not decide.

Affirmed.

